IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS V. HELEAN,

     Plaintiff,                    No. CIV S-06-1162 LKK EFB P

    vs.

M. D. D. HAWLEY,

                               ORDER AND
     Defendants.           FINDINGS AND RECOMMENDATIONS

_____/

     Plaintiff is a prisoner without counsel seeking relief for alleged civil rights violations. *See* 42 U.S.C. § 1983. On August 15, 2007, the court found that plaintiff had not filed an opposition or a statement of no opposition to defendant Hawley's motion for summary judgment. The court directed plaintiff to file an opposition or a statement of no opposition within 20 days and explained that if he did not, this action would be dismissed for plaintiff's failure to obey this court's orders and Local Rules of Practice. The 20 days have passed and plaintiff has not filed an opposition or a statement of no opposition. Instead, on August 21, 2007, plaintiff filed a motion to disqualify the undersigned. *See* 28 U.S.C. § 455(a), (b)(1). For the reasons explained below, the court denies plaintiff's motion and recommends that this action be dismissed without prejudice.

////

1

**I. Motion for Disqualification**

A judge must disqualify himself if his impartiality might reasonably be questioned, 28 U.S.C. § 455(a), or if he has a personal bias or prejudice against a party, 28 U.S.C. § 455(b)(1). Remarks made during the course of a judicial proceeding that are critical or hostile to a party or his case ordinarily will not support a bias or partiality claim unless they reveal an extrajudicial source for the opinion, or "such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 554 (1994.) The decision regarding disqualification is made by the judge whose impartiality is at issue. *Bernard v. Coyne*, 31 F.3d 842, 843 (9th Cir. 1994).

Where the source of alleged bias or prejudice is a judicial proceeding, plaintiff must show a disposition on the part of the judge that "is so extreme as to display clear inability to render fair judgment." *Liteky*, 510 U.S. at 541. "Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*. at 555. Bias is not found where the judge has expressed anger or dissatisfaction or annoyance that are within the bounds of reasonable behavior. *Id*.

The test for disqualification under section 455 is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *United States v. Winston*, 613 F.2d 221, 222 (9th Cir. 1980). Evaluations of impartiality, bias or prejudice under section 455 are made using an objective standard. *Id.*

Evaluated under this objective standard, plaintiff's motion and supporting affidavit fail to demonstrate personal bias or lack of impartiality. Plaintiff asserts that it was unfair to deny his requests for counsel and his request to stay this action and hold it in abeyance until he is released from prison. However, as stated, judicial rulings ordinarily are not a basis for finding bias, and nothing about these rulings suggests that the undersigned harbors any favoritism or antagonism

1  that interferes with the ability to remain impartial.  Plaintiff also asserts that the process is unfair
2  because he represents himself and has no legal education, but defendant has "top legal advisors."
3  The fact that plaintiff proceeds without counsel and defendant is represented is wholly
4  independent of the undersigned's role and rulings in this case.  Finally, plaintiff asserts that "the
5  court works for the Defendant," and claims that the fact that defendant is a state employee
6  essentially immunizes him from any repercussions for misconduct.  Plaintiff's mere allegations
7  do not in any way suggest that defendant has influenced the undersigned with respect to this or
8  any other matter.  Thus, a reasonable person with knowledge of all the facts would not concluded
9  that the undersigned's impartiality might reasonably be questioned.  For these reasons, plaintiff's
10 motion to disqualify must be denied.

**II.  Plaintiff's Failure to Prosecute**

12      As noted above, on August 15, 2007, the court found that plaintiff had not filed an
13 opposition or statement of no opposition to defendant Hawley's July 28, 2007, motion for
14 summary judgment.  The court found that plaintiff had been advised of the requirements for
15 opposing summary judgment and warned that this action could be dismissed for plaintiff's
16 failure to comply with the Local Rules of Practice or this court's orders, and gave plaintiff an
17 additional 20 days to file an opposition or a statement of no opposition.  The 20 days have
18 passed, and although plaintiff has filed a groundless motion to disqualify, he has not responded
19 to defendant's motion for summary judgment.  Accordingly, this action must be dismissed
20 without prejudice.

21      Accordingly, it hereby is ORDERED that plaintiff's August 21, 2007, "Motion of
22 Objections to Court Concerning Bias" is denied.

23      It further is RECOMMENDED that this action be dismissed without prejudice for
24 plaintiff's failure to follow this court's orders and Local Rules of Practice.

25      These findings and recommendations are submitted to the United States District Judge
26 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 5, 2007.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4